**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Melanie A. FitzGerald, Esq.
Adam P. Wofse, Esq.
Cristina M. Lipan, Esq.
*Counsel for the Chapter 11 Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ELITE LIMOUSINE PLUS, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 23-43088 (JMM)<br>(Jointly Administered) |
| ELITE LIMOUSINE PLUS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN TAINE ASSOCIATES, LLC,<br><br>Defendant. | Adv. Pro. No. 25-______ (JMM) |

## COMPLAINT

Elite Limousine Plus, Inc. ("Plaintiff" or "Debtor"), the above-captioned debtor and debtor-in-possession, by and through its counsel, LaMonica Herbst & Maniscalco, LLP, as and for its complaint against Jonathan Taine Associates, LLC ("Defendant"), alleges as follows:

## NATURE OF THE PROCEEDING

1. By this adversary proceeding, among other things, Plaintiff seeks to avoid and recover fraudulent transfers made by the Debtor to Defendant.

2. The statutory predicates for the relief sought herein include sections 105(a), 544,

[1] The jointly administered Debtors are Elite Limousine Plus, Inc. (23-43088) and Dispatch Support Services LLC (24-43089).

548, 550 and 1107(a) of Title 11 of the United States Code ("Bankruptcy Code"), rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), sections 273(a)(2) and 274(a) of the current New York Debtor and Creditor Law, i.e., the New York Uniform Voidable Transactions Act ("NY UVTA") and New York common law.

3. Since this action arises under the pending Chapter 11 case, the United States Bankruptcy Court, Eastern District of New York ("Court"), has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rules 6009 and 7001.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

5. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A), (b)(2)(E), (b)(2)(H), and (b)(2)(O).

6. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Judge presiding over this adversary proceeding if it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

8. Plaintiff is the Chapter 11 debtor and debtor-in-possession herein.

9. Plaintiff is authorized to file this action pursuant to Bankruptcy Code section 1107(a) and Bankruptcy Rule 6009.

10. Based on the Debtor's records, and upon information and belief, Defendant has an address at 370 Old Country Road, Garden City, New York 11530.

11. According to the New York State Secretary of State, Defendant is a New York limited liability company.

12. According to the New York State Secretary of State, the Defendant's service of process address is 370 Old Country Road, Garden City, New York 11530.

13. Plaintiff will effectuate service of this complaint and summons on all addresses identified.

**ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF**

14. The Debtor is a privately owned corporation established in 1986, which provides personal and corporate transportation services.

15. The Debtor operates from its principal place of business located at 3272 Gale Avenue, Long Island City, New York 11101.

16. The majority of the Debtor's business is serving the corporate transportation needs of executive and office workers in the greater NYC area, as well as the personal transportation needs of individuals.

17. On August 29, 2023 ("Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

18. The Debtor remains in possession of its property and continues to operate and manage its properties and affairs as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

19. A committee of unsecured creditors ("Committee") has been formed in the Debtor's case.

20. The last date to file claims against the Debtor's estate was January 2, 2024 [ECF No. 74].

**A. Debtor's Insolvency**

21. Almost immediately upon the onset of the COVID-19 pandemic, the Debtor experienced a significant decline in income. The state-mandated closure of non-essential

businesses effectively halted the Debtor's operations, as the majority of its clientele consisted of executive and office professionals. In addition, the implementation of "shelter in place" orders diminished consumer demand for the Debtor's services.

22. Starting in or about March 2020, the Debtor generally became unable to meet its obligations as they became due.

23. The Debtor thereafter obtained additional funding in its attempt to maintain its business as a going concern.

24. In March 2020, the Debtor obtained an overadvance from Rosenthal & Rosenthal, Inc., its prepetition lender, in the amount of $1,000,000.

25. In December 2020, the Debtor obtained another overadvance in the amount of $250,000.

26. Such additional funding proved insufficient to allow the Debtor to meet its financial obligations.

27. During the year 2020, the Debtor's accumulated liabilities diminished the company's equity by over $4 million.

28. By no later than the end of 2020, the Debtor's liabilities exceeded the saleable value of its assets.

29. By no later than the end 2020, the Debtor's equity had a value of negative $88,915.

30. By no later than the end of 2020, the Debtor had insufficient working capital.

31. By no later than the end of 2020, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the Debtor's business or transactions.

32. By no later than the end of 2020, the Debtor intended to incur or believed or reasonably should have believed that the Debtor would incur, debts beyond the Debtor's ability to pay as they became due.

**B. The Transfers**

33. During the applicable lookback period before the Filing Date, a total of at least $122,065.59 of the Debtor's property was transferred to or for the benefit of Defendant (collectively, "Transfers").

34. A schedule of the Transfers is set forth on **Exhibit A.**

35. The Transfers made within two years of the Filing Date are referred to as the "Two-Year Transfers."

36. The Transfers made within four years of the Filing Date are referred to as the "Four-Year Transfers."[2]

37. The Transfers were made to or for the benefit of Defendant.

38. Defendant was the initial transferee of the Transfers or the party for whose benefit the Transfers were made.

39. The Transfers reflect transactions that were made by the Debtor from its principal place of business in New York.

40. The Transfers were made from the Debtor's bank accounts maintained at banks located in the United States.

41. There are one or more unsecured creditors who were creditors at the time of each of the Transfers, and who hold allowable unsecured claims against the Debtor under Bankruptcy Code section 502.

[2] NY UVTA applies to transfers made on or after April 4, 2020.

42. At the time of the Transfers, the Debtor knew that it owed substantial amounts to its creditors, and knew that it was unable to pay such amounts.

43. Plaintiff's retained professionals have reviewed the books and records of the Debtor in relation to the Transfers.

44. The Debtor's books and records do not contain any agreements, purchase orders, invoices or other documentation to indicate a proper basis for the Transfers.

45. Upon information and belief, the Transfers were made for the benefit of a non-Debtor third party.

46. Upon information and belief, the Debtor did not receive payment from any non-Debtor third party that benefitted from the Transfers.

47. Upon information and belief, the Debtor did not receive any consideration in exchange for the Transfers.

48. Upon information and belief, the Debtor did not receive a benefit in exchange for the Transfers.

**FIRST CLAIM FOR RELIEF**
**(Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B))**

49. Plaintiff repeats and realleges each of the above allegations as if set forth fully herein.

50. At the time of each of the Two-Year Transfers and/or as a result of each such Two-Year Transfers, the Debtor was insolvent or rendered insolvent as a result of such Transfer.

51. The Debtor received less than reasonably equivalent value in exchange for the Two-Year Transfers.

52. At the time of each of the Two-Year Transfers, the Debtor was engaged, or was about to engage, in a business or transaction for which the property remaining with the Debtor was

an unreasonably small capital.

53. At the time of each of the Two-Year Transfers, the Debtor intended to incur or believed that it would incur debts beyond its ability to pay as such debts matured.

54. The Two-Year Transfers constitute fraudulent transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

55. By reason of the foregoing, Plaintiff is entitled to an order and judgment against Defendant: (a) avoiding and setting aside the Two-Year Transfers; and (b) pursuant to section 550(a) of the Bankruptcy Code, recovering from Defendant $84,950.83, together with applicable interest, costs, and reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(Fraudulent Transfer Pursuant to NY UVTA § 273(a)(2))**

56. Plaintiff repeats and realleges each of the above allegations as if set forth fully herein.

57. The Debtor did not receive a reasonably equivalent value in exchange for the Four-Year Transfers.

58. At the time of each of the Four-Year Transfers, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to its business or transactions.

59. At the time of each of the Four-Year Transfers, the Debtor intended to incur or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

60. The Four-Year Transfers constitute fraudulent conveyances pursuant to NY UVTA section 273(a)(2).

61. By reason of the foregoing, pursuant to section 544(b) of the Bankruptcy Code,

Plaintiff is entitled to an order and judgment against Defendant: (a) avoiding the Four-Year Transfers; and (b) pursuant to section 550(a) of the Bankruptcy Code, recovering from Defendant $122,065.59, together with applicable interest, costs, and reasonable attorneys' fees.

**THIRD CLAIM FOR RELIEF**
**(Fraudulent Transfer Pursuant to NY UVTA § 274(a))**

62. Plaintiff repeats and realleges each of the above allegations as if set forth fully herein.

63. At the time of each of the Four-Year Transfers, the Debtor was insolvent or rendered insolvent by the Four-Year Transfers.

64. The Debtor made the Four-Year Transfers without receiving a reasonably equivalent value in exchange for Four-Year Transfers.

65. The Four-Year Transfers constitute fraudulent conveyances pursuant to NY UVTA section 274(a).

66. By reason of the foregoing, pursuant to section 544(b) of the Bankruptcy Code, Plaintiff is entitled to an order and judgment against Defendant: (a) avoiding the Four-Year Transfers; and (b) pursuant to section 550(a) of the Bankruptcy Code, recovering from Defendant $122,065.59, together with applicable interest, costs, and reasonable attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(Unjust Enrichment)**

67. Plaintiff repeats and realleges each of the above allegations as if set forth fully herein.

68. Defendant unfairly benefited from the Transfers at the Debtor's expense.

69. As a matter of equity and good conscience, Defendant should not be allowed to retain the Transfers.

70. Defendant has been unjustly enriched by the Transfers to the detriment of the

Debtor's bankruptcy estate.

71. By reason of the foregoing, Plaintiff is entitled to an order and judgment against Defendant in the amount of $122,065.59.

**FIFTH CLAIM FOR RELIEF**
**(Money Had and Received)**

72. Plaintiff repeats and realleges each of the above allegations as if set forth fully herein.

73. By Defendant's receipt of the Transfers, Defendant received and benefited from money belonging to the Debtor.

74. Under principles of good conscience, Defendant should not be allowed to retain the Transfers.

75. By reason of the foregoing, Plaintiff is entitled to an order and judgment against Defendant in the amount of $122,065.59.

**SIXTH CLAIM FOR RELIEF**
**(Disallowance of Claims under 11 U.S.C. §§ 502(d) and (j))**

76. Plaintiff repeats and realleges each of the above allegations as if set forth fully herein.

77. Defendant has not paid the amount of the avoidable Transfers.

78. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of Defendant against the Debtor's estate, including any and all claims assigned by Defendant, must be disallowed until such time as Defendant pays Plaintiff the amount equal to the Transfers, in an amount yet undetermined, but in no event believed to be less than a total of $122,065.59, plus interest thereon, costs, or such other amount as may be determined by the Court.

79. Pursuant to section 502(j) of the Bankruptcy Code, any and all previously allowed claims of Defendant against the Debtor's estate, that have been filed or will be filed, including any

and all claims assigned by Defendant, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff the amount equal to the Transfers, in an amount yet undetermined, but in no event believed to be less than a total of $122,065.59, plus interest thereon, costs, or such other amount as may be determined by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that the Court enter a judgment:

i. avoiding and setting aside the Two-Year Transfers and recovering from Defendant $84,950.83, plus interest and costs;

ii. avoiding and setting aside the Four-Year Transfers and recovering from Defendant $122,065.59, plus interest and costs;

iii. avoiding and setting aside the Transfers and recovering from Defendant $122,065.59, plus interest and costs;

iv. awarding Plaintiff compensatory damages in an amount to be proven at trial;

v. awarding Plaintiff's attorneys' fees and costs;

vi. disallowing all present or future claims of Defendant, if any, against the Debtor's estate; and

vii. granting such other and further relief in the favor as may be just and proper.

Dated: August 28, 2025
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Plaintiff Elite Limousine Plus, Inc.

By: */s/ Melanie A. FitzGerald*

Melanie A. FitzGerald, Esq.
Adam P. Wofse, Esq.
Cristina M. Lipan, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500